FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.
★ JUN 11 2012
BROOKLYN OFFICE



C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ X
                                                        :
NAKEISHA FREDERICK,                                     :     **MEMORANDUM
                                                        :     DECISION AND ORDER**
                          Plaintiff,                    :
                                                        :
         - against -                                    :     12 Civ. 2387 (BMC)(VVP)
                                                        :
UBCIA LOCAL 926 et al.,                                 :
                                                        :
                          Defendant.                    :
                                                        :
------------------------------------------------------ X

**COGAN**, District Judge.

On May 10, 2012, *pro se* plaintiff, Nakeisha Frederick, filed the instant complaint

alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

("Title VII"). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is

granted. For the reasons stated below, plaintiff is directed to file an amended complaint within

twenty (20) days of the date of this order or the instant action shall be dismissed for failure to

state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(b)(ii).

## BACKGROUND

Plaintiff's complaint, submitted on an employment discrimination form supplied by the

Court, indicates that she was discriminated against based on her race, color, and national origin.

Although the events recounted in the complaint are somewhat opaque, plaintiff makes various

allegations regarding unfair treatment by her supervisor, Salvatore Tagliagferro. For example,

plaintiff alleges that although she was offered a raise and promotion, she was over qualified for

the job and deserved a salaried position rather than a wage. She further alleges that other employees were given preferential treatment. On or about August 22, 2011, plaintiff's employment was terminated based on her alleged insubordination and breach of security.

Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), and on March 21, 2012, the EEOC issued plaintiff a Dismissal and Notice of Rights letter adopting the findings of the state or local fair employment practices agency that investigated plaintiff's charge.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action when it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally – interpreting it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 662, 677-78 (2009)). A

2

complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678, 663 (citations omitted).

The plausibility standard does not "require[] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden on the plaintiff to make factual allegations supporting a claim for relief. As the Supreme Court explained in Iqbal, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. 544 at 555).

Although her complaint indicates that she intends to bring a Title VII claim, plaintiff fails to plead sufficient factual allegations to support a claim for relief. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination. Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010); Joseph v. North Shore University Hosp., No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

Here, the nature of plaintiff's complaint is deficient in at least two respects. First,

3

although plaintiff checked three boxes on the employment discrimination form indicating that she was discriminated against on the basis of her race, national origin, and color, the complaint gives no clue as to her ethnicity, nationality, or color. Without such allegations, the Court has no way to know if she is a member of a protected class.

Second, even if plaintiff is a member of a protected class, the complaint does not describe any circumstances giving rise to an inference of discrimination. If plaintiff was qualified to receive a raise and promotion as she claims, and was a member of a protected class, those facts alone do not entitle her to proceed under Title VII. It may be, for example, that her employer was mistaken in not giving her the raise and promotion. It may be that it acted arbitrarily and unreasonably in not advancing her. It may be that, without reason, her employer just didn't like her and thus did not advance her. None of those reasons would entitle plaintiff to proceed under Title VII. Rather, plaintiff must set forth facts, that is, she must describe the circumstances, which lead her to reasonably believe that her membership in a protected class was a substantial factor in the determination not to give her a raise or promote her.

Even under the most liberal construction of plaintiff's allegations, she provides no facts that could possibly connect any adverse employment action to a protected status. See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); see also Arista Records, 604 F.3d at 120-21 (explaining that although Twombly and Iqbal do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

## CONCLUSION

In light of plaintiff's *pro se* status, this Court will grant plaintiff 20 days from the date of this order to revise her complaint to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that her former employer[1] discriminated against her in violation of Title VII.

No summons shall issue at this time, and all further proceedings shall be stayed until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within 20 days, the instant action shall be dismissed, and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith; therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
June 8, 2012

---

[1] Note that there is no individual liability under Title VII of the Civil Rights Act of 1964. Tomka v. Seiler Corp., 66 F.3d 1295, 1313-1317 (2d Cir. 1995).

5