| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | C/M |
| EASTERN DISTRICT OF NEW YORK | | |
| ------------------------------------------------------------ X | | |
| NAKEISHA FREDERICK, | : | |
| | : | **MEMORANDUM** |
| Plaintiff, | : | **DECISION AND ORDER** |
| | : | |
| - against - | : | 12 Civ. 2387  (BMC) |
| | : | |
| UNITED BROTHERHOOD OF | : | |
| CARPENTERS and JOINERS OF AMERICA | : | |
| (UBCJA) LOCAL 926, et al., | : | |
| | : | |
| Defendants. | : | |
| ------------------------------------------------------------ X | | |

Plaintiff *pro se* brought the instant action against defendants, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*  Defendants have moved for summary judgment, contending that the United Brotherhood of Carpenters and Joiners of America Local 926 ("Local 926" or "Union"), does not fall under the definition of "employer" under Title VII because it has fewer than 15 employees for each working day in each of 20 or more calendar weeks in the current or preceding year.  See 42 U.S.C. § 2000e(b).  By Corrected Order dated February 4, 2013, the Court denied defendants' motion for summary judgment without prejudice, and permitted defendants to renew their motion within fourteen days of entry of that Order, if they could demonstrate as a matter of law that the number of delegates and officers at all relevant times, or the duties of the officers, require a finding that Local 926 does not fall within Title VII's definition of employer.  Having reviewed defendants' renewed motion for summary judgment and plaintiff's opposition, the Court grants summary judgment in favor of defendants.

According to the affidavit of the President of Local 926, Salvatore Tagliaferro, Local 926 is, or was, during the relevant time period, composed of (1) approximately ten Executive Board

Members who are also officers of Local 926; (2) two full-time secretaries and/or office managers; (3) nine to ten Delegates, three of whom are also officers/Executive Board Members; and (4) approximately 1800 Union members. The Court ruled in its February 4, 2013 Order that the Executive Board Members are not employees because they answer to no one except themselves and merely receive a stipend for attending board meetings, thus failing to meet the requirements of an employer-employee relationship with the Union. The Court also found that while Mr. Tagliaferro referred to himself as the President and mentioned other officers, he had not provided any information about the duties and functions of these "officers." Defendants now point out that the officers of the Union *are* the Executive Board Members and that those titles are synonymous. For the reasons set forth below, this does not alter the Court's prior conclusion that the Executive Board Members are not employees.

In Kern v. City of Rochester, 93 F.3d 38 (2d Cir. 1996), the Second Circuit held that eight non-officer board members were not employees of a union for purposes of Title VII because their function was to represent their various constituencies on a board that made and directed the policy of the union. Furthermore, the Court found that the board members "exercised general oversight over Local 1071's officers" and did not perform any traditional employee duties, such as maintaining records or managing the office, nor did they answer to anyone but themselves. Id. at 47. The Seventh Circuit in Chavero v. Local 241, Div. of the Amalgamated Transit Union, 787 F.2d 1154 (7th Cir. 1986), held that the union board members did not perform traditional employee duties because it was the union officers who managed the daily operations of the union under the direction of the board.

The ten officers/Executive Board Members of Local 926 include the President, Vice President, Recording Secretary, Financial Secretary, Treasurer, Conductor, Warden and three

2

Trustees. The Constitution also states that a business representative who is not a member of the Executive Committee shall attend the meetings. Mr. Tagliaferro states that as President of the Union, he is the only person who oversees the day-to-day operation of the office and that none of the other Executive Board Members or Delegates oversee the office or manage the day-to-day operation of the Union. However, this cannot be the case if, as Mr. Tagliaferro submits, the officers/Executive Board Members are responsible for supervising funds and property of the Union, auditing books and accounts, attending meetings, and investigating and processing grievances on behalf of Local 926 members. The fact is, as plaintiff argues, the officers, including Mr. Tagliaferro, are responsible for the daily operations of Local 926.

Nonetheless, the critical factor that guides the Court's determination that the officers/Executive Board Members are employers, not employees, is that they "answer to no one except themselves." Unlike the circumstances in Kern or Chavero, where the officers answered to the board, here, the officers answer to no one except themselves because they are the board. Therefore, while the officers/Executive Board Members perform some traditional employee duties, they still maintain the characteristics of an employer. Moreover, the officers are neither salaried workers, nor are they hired. Rather, they receive a stipend of $150 for each Executive Committee meeting they attend, and they are elected pursuant to the Constitution of the Union.

Plaintiff argues that the officers are employees because, among other reasons, there are employment-related forms for the officers, including W-2s, W-4s, unemployment compensation documentation, and ADP payroll sheets. However, plaintiff has not provided any authority demonstrating that such forms are conclusive evidence of an employee-employer relationship for purposes of Title VII. Had the employment forms indicated that the officers received salaries, as

opposed to stipends, for their involvement in the Union's operations, the Court may have considered the employment-related forms as relevant; but that is not the case here.

Even if the officers/Executive Board Members could be viewed as employees of Local 926, they do not appear to have had an employment relationship with the Union on "each working day in each of twenty or more weeks in the current or preceding calendar year." See Arculeo v. On-Site Sales & Marketing, LLC, 425 F.3d 193, 197 (2d Cir. 2005) (citing 42 U.S.C. § 2000e(b)). The Union pays officers $150 per Executive Committee meeting and a small monthly stipend of $300 for attending Union meetings in general. The payroll/tax reports submitted by plaintiff demonstrate that the officers received relatively small stipends for their participation. Mr. Tagliaferro, for example, received $2100 for attending Union meetings in 2011. Even Mr. Tagliaferro, who admittedly runs the operations of Local 926 as President, probably does not satisfy the working days requirement to be considered an employee for Title VII purposes. Plaintiff has not submitted any evidence proving that the officers satisfy the working days requirement. The Court concludes that the officers do not maintain an "employment relationship" each working day for at least twenty weeks of the year in question.

With respect to the issue of whether the nine or ten elected Delegates of the Union constitute employees of Local 926, defendants have demonstrated that the Delegates are not employees for purposes of Title VII. The Delegates' only function is to attend city-wide New York District Council meetings twice a week, receiving approximately $75 per meeting. In addition, they are not hired for their position, nor can they be fired; rather, they are elected and serve three-year terms. The Delegates do not answer to the Executive Board Members nor do they receive a salary for their involvement in the District Council meetings. According to the Affidavit of Dennis M. Walsh, Review Officer for the New York District Council of Carpenters,

there are 100 delegate seats in the District Council Delegate Body for the eight affiliated local unions. Local 926 is one of the eight affiliated locals, and apparently all collective bargaining and representation of members is done by the District Council on behalf of the members of the eight affiliated local unions. The Bylaws for the District Council place plenary authority in the delegate body to consider and vote on all business of the District Council, from expenditures to contracts. Moreover, the authority of a Delegate does not extend to the internal business or governance of local unions. Therefore, the six or seven non-officer Delegates of Local 926 cannot be viewed as having an employee-employer relationship with this particular local union. Their sole function is to represent the 1800 members of Local 926 and to report to the Union as a whole, not to the officers/Executive Board Members.

Defendants have demonstrated that Local 926 does not have the requisite 15 or more employees and that it therefore does not constitute an "employer" under Title VII. Accordingly, defendants' renewed motion for summary judgment is granted and the case is dismissed. Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
      March 7, 2013

U.S.D.J.