UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NAKEISHA FREDERICK,

                     Plaintiff,                 **MEMORANDUM**

    - v -

                                                 CV-12-2387 (BMC)(VVP)

UNITED BROTHERHOOD OF CARPEN-
TERS AND JOINERS OF AMERICA
(UBCJA) LOCAL 926,
                     Defendant.
------------------------------------------------------------x

       In a submission entitled "Complaint" dated December 15, 2014 [Dkt. Ent. 71], the plaintiff complains about matters that occurred at her deposition held on December 12. The defendant has responded with a letter dated December 16, 2014 [Dkt. Ent. 70]. Specifically, the plaintiff asserts that the defendant's counsel asked about irrelevant matters that went beyond a limitation she believes that I placed on the defendant, and that the defendant's counsel threatened to extend the deposition beyond a 2-hour limitation that she believed I placed on the deposition.

       I have reviewed a transcript of the conference that preceded the deposition when matters related to the deposition were discussed. Contrary to the plaintiff's belief, I did not limit the defendant to asking questions only about wage disparities. Therefore, questions about the plaintiff's prior experience, if any, in other lawsuits or about other documents not directly related to the plaintiff's wage disparity claim were not in violation of any court order. Nor is it inappropriate to ask about such matters.[1] Similarly, although the plaintiff apparently thought otherwise, there was no 2-hour limit set by the court on the deposition. Rather, the court specifically recognized that the defendant had the right to conduct a deposition of up to seven hours. There was a belief, however, that in view of Judge Cogan's decision

---

      [1]The defendant's counsel also apparently asked about whether the plaintiff had forwarded the payment for the out-of-pocket expenses incurred by the defendant because of the plaintiff's earlier failure to appear for her deposition. Again, since there was no limitation on the questions the defendant's counsel was permitted to ask at the deposition, this question was not in violation of any order of the court.

dismissing all but one of the plaintiff's claims, the deposition could be completed in a shorter period of time. The deposition was thus scheduled to commence at 3:00 p.m. on a Friday afternoon, a time chosen specifically for the convenience of the plaintiff, with the hope that it could be completed in one session on that day and thus avoid a continuation of the deposition on a later date. (As it happened, according to the defendant's counsel, the deposition commenced at 3:20 because the plaintiff was late, and ended at 5:08, less than two hours after it commenced.) The plaintiff's assertions that the defendant's counsel somehow violated orders of the court in conducting the deposition are therefore entirely incorrect.

Finally, the plaintiff complains about other conduct by the defendant's counsel that she contends was rude and otherwise disturbing to her. If the plaintiff desires, she may forward a copy of the transcript of the deposition to me once it has been prepared, and I will review it for any evidence of impropriety. At this point, however, the court finds no basis to take any action whatsoever with respect to the plaintiff's submission.

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
January 8, 2015